RE: OPEN MEETING ACT/PUBLICATION REQUIREMENTS
ATTORNEY GENERAL HENRY HAS RECEIVED YOUR LETTER ASKING FOR THE ISSUANCE OF AN OFFICIAL OPINION REGARDING THE OPEN MEETING REQUIREMENTS THAT A MUNICIPAL GOVERNING BOARD WOULD HAVE TO FOLLOW IN THE HOLDING OF A DISCIPLINARY HEARING AND ALSO THE REQUIREMENTS, IF ANY, THAT A COUNTY COMPETITIVELY BID OUT ITS PUBLICATION BUSINESS WITH NEWSPAPERS. AS THE ULTIMATE ANSWERS TO THE QUESTIONS POSED COULD REQUIRE THE APPLICATION OF FACTS PARTICULAR TO ANY GIVEN SITUATION, HE HAS AUTHORIZED ME TO RESPOND TO YOU THROUGH THIS INFORMATIONAL LETTER.
YOU INITIALLY INQUIRE WHETHER A MUNICIPAL GOVERNING BOARD WOULD BE REQUIRED TO ADHERE TO THE TERMS OF THE OPEN MEETING ACT, PARTICULARLY THE REQUIREMENTS CONCERNING THE POSTING OF ADVANCE NOTICE OF A MEETING AND AN AGENDA RELATING TO THE SUBJECT MATTER TO BE TAKEN UP, IN THE CASE WHERE THE GOVERNING BOARD IS TO CONSIDER WHETHER TO TAKE DISCIPLINARY ACTION AGAINST AN EMPLOYEE OF THE CITY. UNDER THE TERMS OF THE OPEN MEETING ACT, THE DISCUSSION OF WHETHER OR NOT TO TAKE ACTION AGAINST AN EMPLOYEE IS CERTAINLY CONTEMPLATED AS BEING THE TYPE OF PUBLIC BUSINESS THAT IS COVERED UNDER THE ACT'S TERMS. INDEED, THE RECITALS IN SECTION 25 O.S. 307 OF ACT CONCERNING HOLDING EXECUTIVE SESSIONS TO DISCUSS EMPLOYMENT RELATED MATTERS IS PLAIN AND CLEAR EVIDENCE OF LEGISLATIVE INTENT THAT THE ACT DOES APPLY TO SUCH A SITUATION.
YOU NEXT INQUIRE WHETHER THE CITY COUNCIL COULD HOLD SUCH A MEETING OUTSIDE THE GEOGRAPHICAL BOUNDARIES OF THE MUNICIPALITY. THIS QUESTION HAS COME UP ON SEVERAL OCCASIONS IN THE LAST YEAR. IT HAS BEEN THE CONSISTENT ADVICE OF THIS OFFICE THAT THE REQUIREMENTS OF 25 O.S. 303 OF THE ACT WHICH MANDATE THAT PUBLIC BODIES HOLD MEETINGS IN PLACES AND AT TIMES CONVENIENT TO THE PUBLIC DO LEGALLY RESTRICT THE GOVERNING BOARD OF A PUBLIC ENTITY WITH DEFINED GEOGRAPHICAL BOUNDARIES TO HOLD ITS MEETINGS WITHIN THE GEOGRAPHICAL AREA OF THE ENTITY IT SERVES.
LAST YEAR, THE CITY COUNCIL OF NORMAN DESIRED TO HOLD A SO CALLED "RETREAT" (WHICH NONETHELESS WOULD BE A PUBLIC MEETING) IN POTEAU OR TECUMSEH. I ADVISED THE CITY ATTORNEY THAT SUCH A LOCATION WOULD NOT BE CONVENIENT TO THE PUBLIC SERVED BY THE CITY COUNCIL, AND THAT SUCH A MEETING WOULD BE ILLEGAL. PROFESSOR MICHAEL COX, THEN WITH THE UNIVERSITY OF OKLAHOMA LAW SCHOOL, ALSO INFORMALLY REVIEWED THE MATTER INDEPENDENTLY OF MY REVIEW, AND CAME UP WITH THE SAME CONCLUSION. I SUPPOSE THAT IT IS THEORETICALLY POSSIBLE FOR THERE TO EXIST A PECULIAR FACTUAL SITUATION WHERE A MEETING HELD TECHNICALLY OUTSIDE THE BOUNDARIES OF THE MUNICIPALITY IN QUESTION MIGHT BE DEEMED PERMISSIBLE, BUT THE POTENTIAL DANGER INVOLVED IN SUCH A COURSE OF ACTION IS SO REAL THAT I COULD NEVER ADVISE A CLIENT TO ENGAGE IN SUCH ACTIVITY.
YOU NEXT ASK ABOUT THE REQUIREMENTS, IF ANY, FOR A COUNTY TO UTILIZE COMPETITIVE BIDDING IN SELECTING WHICH NEWSPAPER IN WHICH IT WILL PUBLISH PUBLIC NOTICES OF THE COUNTY. FIRST, LET ME NOTE FOR YOUR ATTENTION THAT COUNTIES ARE NOT REQUIRED TO ADHERE TO THE TERMS OF THE OKLAHOMA CENTRAL PURCHASING ACT, THE SET OF LAWS THAT REQUIRE COMPETITIVE BIDDING BY STATE AGENCIES. 74 O.S. 85.2(1) (1988). SIMILARLY, THE TERMS OF THE OKLAHOMA COMPETITIVE BIDDING ACT OF 1974 ARE INAPPLICABLE TO THIS TYPE OF SITUATION BECAUSE SAME IS NOT A "PUBLIC CONSTRUCTION CONTRACT", THE ONLY TYPE OF CONTRACT COVERED BY THAT ACT. 61 O.S. 102/61 O.S. 103 (1981).
INDEED, I CAN FIND NO STATE LAW WHICH IN ANY WAY WOULD REQUIRE THAT PUBLICATION SERVICES BE BID OUT AT ALL. THE PROVISIONS OF SECTIONS 19 O.S. 1500 — 19 O.S. 1507 OF TITLE 19 RELATING TO COUNTY PURCHASING AGENTS, AND THEIR DUTY TO SEEK COMPETITIVE BIDS APPLY ONLY TO THE PURCHASE BY THE COUNTY OF MATERIALS, EQUIPMENT AND SUPPLIES TO BE USED BY THE COUNTY (WITH EXCEPTIONS FOR PUBLIC ROAD AND CONSTRUCTION PROJECTS). IN ATTORNEY GENERAL OPINION NO. 84-084, IT WAS ADVISED BY THIS OFFICE THAT THERE IS NO GENERAL REQUIREMENT THAT COUNTIES OBTAIN SERVICES BY THE USE OF COMPETITIVE BIDDING. THEREFORE, THE DEGREE TO WHICH SUCH SERVICES ARE BID OUT, AND UNDER WHAT TERMS, IS A MATTER OF DISCRETION FOR THE COUNTY COMMISSIONERS. AS A SIDE NOTE, WHEN STATE AGENCIES DO ENGAGE IN COMPETITIVE BIDDING FOR SERVICES, IT HAS ALWAYS BEEN RECOGNIZED THAT THE TERM "LOWEST AND BEST BIDDER" DOES CONTEMPLATE THAT AN AGENCY NEED NOT ALWAYS SELECT THE LOWEST BIDDER IF OTHER FACTORS COME INTO PLAY THAT WOULD OUTWEIGH THE PRICE FACTOR STANDING ALONE.
(MICHAEL SCOTT FERN)